IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT PUTNAM,                                            CV 07-521-MA

         Petitioner,                        OPINION AND ORDER

   v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

         Respondent.


     STEPHEN R. SADY
     Chief Deputy Federal Public Defender
     101 SW Main Street, Suite 1700
     Portland, Oregon  97204

         Attorney for Petitioner

     KARIN J. IMMERGUT
     United States Attorney
     SCOTT ERIK ASPHAUG
     Assistant United States Attorney
     United States Attorney's Office
     District of Oregon
     1000 SW Third Avenue, Suite 600
     Portland, OR  97204-2902

         Attorneys for Respondent

MARSH, Judge:

     Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.

1- OPINION AND ORDER

In his *pro se* petition, Petitioner seeks an order requiring the BOP to cease collecting from him restitution payments in excess of $25 per quarter. According to Petitioner the BOP is currently collecting from him $150 per month pursuant to the Inmate Financial Responsibility Program (IFRP).

By his Answer, dated May 14, 2007, Respondent acknowledges Petitioner is entitled to the relief requested. However, Respondent argues that the court should not grant the writ because the BOP agrees to collect "only $25 per quarter pursuant to the IFRP."

On July 13, 2007, following the appointment of counsel, Petitioner filed a Reply, in which he contends that Respondent has not honored his promise. Petitioner now prays for a writ ordering the BOP to collect no more than $25 per quarter, and to "vacate all sanctions it imposed against [Petitioner]" and "to restore [P]etitioner to the position he would have been in but for the BOP's decision to put him in IFRP Refuse status."

There is not any evidence in the record to support the conclusion that Petitioner has been placed in "IFRP Refuse Status" or that any sanctions have been imposed upon him as a consequence of refusing to make restitution payments pursuant to the IFRP. To the contrary, Petitioner's *pro se* materials state that his "elderly parents" have been "forced" to make restitution payments on his behalf. In any event, to the extent

2- OPINION AND ORDER

Petitioner has been paying down his restitution sentence, he is now in a better, not worse, position than he would have been in if not for the BOP's imposition of a higher minimum payment because he has reduced his restitution debt, which he would not have done voluntarily.

Nevertheless, Petitioner has made a sufficient showing that the BOP's modification of the district court's restitution payment schedule, directing petitioner to pay the greater of $25 per quarter, or 25 percent of petitioner's monthly income during his period of imprisonment, was not in accordance with the law. See U.S. v. Gunning, 401 F.3d 1145 (9th Cir. 2005); see also 5 U.S.C. § 706(2)(a)(agency actions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.").  Accordingly, I hereby GRANT the Petition for a Writ of Habeas Corpus, and ORDER the BOP to cease collecting restitution payments from Petitioner in excess of $25 per quarter, or 25 percent of his monthly income.

IT IS SO ORDERED.

DATED this _10 day of September, 2007.

                                     /s/ Malcolm F. Marsh
                                    Malcolm F. Marsh
                                    United States District Judge